IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Dr. Leonardo Ortiz, ) | |
| ) | Civil Action No. 7:05-1239-RBH-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Citibank USA, National Association, ) | |
| ) | |
| Defendant. ) | |
| ) | |

       This matter is before the court on several motions. In February 2000, a commercial Office Depot account was issued in the names of "Dr. Leonardo Ortiz and Leonardo Ortiz DD MSD." The defendant Citibank USA, National Association ("defendant" or "Citibank") is the issuer of the account. In his complaint, which was filed in state court, the plaintiff, who is proceeding *pro se*, alleges that the defendant failed to properly credit payments on the account in violation of the credit agreement (comp. ¶ 11).

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

       The plaintiff filed the instant action in the Magistrate's Court of Spartanburg County, South Carolina. The defendant removed the case on April 28, 2005, based on federal question jurisdiction under Title 28, United States Code, Section 1331, as the plaintiff's complaint makes a claim under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692. The plaintiff's complaint also alleges causes of action for negligence, breach of contract, and violation of the South Carolina Unfair Trade Practices Act.

The plaintiff has moved for default judgment against the defendant, arguing that the defendant failed to timely serve an answer to his "amended complaint." However, as argued by the defendant, the plaintiff never filed and served an amended complaint. Accordingly, the defendant was under no obligation to file a response, and the motion should be denied.

On May 5, 2005, the defendant moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on all claims except the breach of contract claim. By order filed May 6, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 9, 2005, the plaintiff filed a response to the motion.

The defendant first argues that it is not susceptible to suit under the Fair Debt Collection Practices Act ("FDCPA"). This court agrees. The FDCPA applies only to debt collectors. 15 U.S.C. §1692a(6). A debt collector must use the instruments of interstate commerce and regularly collect or attempt to collect debts as its primary business. The FDCPA specifically exempts from the definition of debt collector the in-house personnel of a creditor attempting to collect the creditor's debts in the name of the creditor. *Id.* §1692a(6)(A). The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." *Id.* §1692a(4). Defendant Citibank issued the credit on the commercial Office Depot account at issue in this case. There is no indication that in the process of collecting its debt, Citibank used a name other than its own which would have indicated that a third person was attempting to collect the debt. As the defendant is the creditor and not a debt collector, it cannot be sued under the FDCPA. *See Ray v. Citibank (South Dakota), N.A.,* 187 F.Supp.2d 719, 722-23 (W.D. Ky. 2001); *Meads v. Citicorp Credit Serv., Inc.*, 686 F. Supp. 330, 333 (S.D. Ga. 1988). Accordingly, this claim is without merit and should be dismissed.

Wherefore, based upon the foregoing, the defendant's motion to dismiss the plaintiff's claim under the FDCPA should be granted. As it is recommended that the plaintiff's sole federal claim be dismissed, the court should decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, *see* 28 U.S.C. §1367(c), and the case should be remanded to state court. Should the district court adopt this court's recommendation, the plaintiff's motion to remand would be rendered moot. Further, the plaintiff's motion for default judgment and for hearing should be denied.

                                            s/William M. Catoe
                                            United States Magistrate Judge

November 18, 2005

Greenville, South Carolina